IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

CASE NO. 2:10-CR-00160

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>JONATHAN STEVEN DEUTSCH | **DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE** |

Defendant Jonathan Steven Deutsch, by and through counsel, submits this sentencing memorandum and asks the Court to impose a variance sentence below the United States Sentencing Guidelines ("U.S.S.G.") range, and to impose a sentence that does not require a term of imprisonment. The law requires the Court to impose a sentence sufficient, but not greater than necessary, to comply with the statutory purposes of federal sentencing in 18 U.S.C. § 3553(a)(2). For the reasons set forth below, this Court can fulfill the statutory mandates by sentencing Mr. Deutsch to an alternative sentence that does not include incarceration.

**ARGUMENT**

**THE COURT SHOULD IMPOSE A VARIANCE SENTENCE BELOW THE U.S.S.G. SENTENCING RANGE IN ACCORDANCE WITH 18 U.S.C. § 3553(a)**

**Section 3553(a) Factors**[1]

**The nature and circumstances of the offense. 18 U.S.C. § 3553(a)(1):** In 2004, Mr. Deutsch was the Executive Secretary of the Constructors' Labor Council of West Virginia, Inc. ("CLC") and the administrator of its related trust fund, the West Virginia Heavy & Highway Construction Industry Fund ("WVHH"). In August 2004, Mr. Deutsch applied for a commercial

---

[1] Due to the five-page limitation, this memorandum addresses those factors contained in 18 U.S.C. § 3553(a) which counsel believes are most relevant to the Court's determination of the appropriate sentence.

PPAB 1903601v1

loan in the name of the WVHH from National Bank of Commerce, now known as SunTrust Bank (the "Bank"). Mr. Deutsch acknowledges that he obtained the loan without obtaining the approval of at least two WVHH trustees, as required by WVHH's trust agreement. Mr. Deutsch accepts responsibility for his conduct.

Further, Mr. Deutsch committed a purely financial crime. There was no violence, firearms, or illegal drugs associated with the crime. An alternative sentence involving community service, restitution, and supervised release or probation for five years is sufficient in consideration of the nature and seriousness of the crime.

**History and personal characteristics of the defendant. 18 U.S.C. § 3553(a)(1):** Mr. Deutsch is 57 years old and was born and raised in Charleston, West Virginia. Upon graduation from high school, Mr. Deutsch engaged in a lifelong pursuit of higher education. He attended the University of North Carolina at Chapel Hill where he graduated with a bachelors degree in history in 1976. He later returned to Charleston and obtained a Master of Public Administration from the West Virginia College of Graduate Studies in South Charleston. He also obtained his Juris Doctorate degree from West Virginia University in 1988.

After graduating from West Virginia University, Mr. Deutsch was employed as a law clerk for the Crime Victims' Compensation Fund until 1992. In 1993, Mr. Deutsch began his 15-year tenure as Executive Secretary of the CLC and trustee of the WVHH. In these roles, he represented West Virginia contractors in collective bargaining negotiations with unions in the heavy highway industry. Mr. Deutsch has also attempted to mentor the next generation of West Virginians by acting as an adjunct professor for the University of Charleston, Marshall University, Fairmont State University, and the West Virginia Graduate College. He is currently teaching business classes for the West Virginia Junior College.

In addition to his many educational and professional accomplishments, Mr. Deutsch has been married for more than twenty years. He and his wife, Patty, have raised a daughter, Joni, who is currently a student at Washington and Lee University. Mr. Deutsch has also been active in his synagogue for many years, as evidenced by the letter written on his behalf by his rabbi which is attached hereto as Exhibit A. Thus, until this event, Mr. Deutsch has led an exemplary life and has been a positive and contributing member of society. There are no negative factors in his background or character indicating that he is likely ever to re-offend.

Furthermore, as shown in the Presentence Report, Mr. Deutsch's personal characteristics prove that he is in the class of persons with the lowest risk of recidivism. These factors include: no criminal history; age (especially over 50); stable employment; education (especially post-high-school education); marriage and family; and abstinence from drugs. In addition, offenders sentenced under fraud guidelines are shown to be less likely to engage in further criminal conduct than those convicted of other offenses. U.S. Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* (May 2004); U.S. Sentencing Commission, *A Comparison of the Federal Sentencing Guidelines Criminal History Category and the U.S. Parole Commission Salient Factor Score* (Jan. 2005).

Mr. Deutsch is also a "true first offender," *i.e.*, an offender who has no prior arrests. As such, he should be distinguished from other criminal history category I defendants who have (a) prior arrests but not convictions, (b) a prior conviction that does not count for criminal history points or (c) one criminal history point. As a true first offender, Mr. Deutsch has no experience with the criminal law or law enforcement. As a true first offender, he is in the class of defendants proven to be the least likely to re-offend. *United States v. Oldani,* 2009 WL 1770116 (S.D.W.Va. June 16, 2009) at pp. 6-7 (Chambers, J.), citing U.S. Sentencing Commission, *Recidivism and the "First Offender"* (May 2004) at

http://www.ussc.gov/publicat/recidivism_firstoffender.pdf. The empirical research demonstrates that Mr. Deutsch is very unlikely to violate the law ever again.

**Purposes of punishment. 18 U.S.C. §3553(a)(2):** The statute also directs the Court to impose a sentence sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in §3553(a)(2): to reflect the seriousness of the offense; to promote respect for the law and to provide just punishment for the offense; to provide general and specific deterrence; and to provide defendant needed educational and vocational training, medical care or other correctional treatment.

Because Mr. Deutsch is within the class of offenders with the lowest risk of recidivism, a prison sentence is not necessary to deter him from further crime. And an alternative sentence of less than the calculated guideline range, or with no incarceration, is sufficient for general deterrence purposes. An alternative sentence involving community service and restitution, for a five-year period of supervised release or probation, will adequately promote respect for the law and provide just punishment. Moreover, a sentence requiring five years of community service and restitution payments will allow Mr. Deutsch to productively work and pay, all to redeem himself and maximize restitution payments to the victim.

Mr. Deutsch will be limited in his employment opportunities for the rest of his life as a consequence of his conviction. Moreover, given his restitution obligation, Mr. Deutsch likely will face a significant financial burden for many years to come. These consequences alone are likely to deter others from engaging in similar conduct. Thus, while the Court may deem that punishment requires some term of imprisonment, Mr. Deutsch respectfully requests that a variance resulting in a sentence that is less than the calculated guideline range will still satisfy the public's interest in punishment.

Further, as demonstrated above, Mr. Deutsch falls into the category of offenders who are unlikely to ever commit a crime again. As such, the need to issue a sentence of significant incarceration to effect specific deterrence is unnecessary.

**The need to provide restitution to any victim. 18 U.S.C. § 3553(a)(7).** To the extent Mr. Deutsch's years of gainful employment are declining, the sooner he is returned to the workforce, the better chance he has to fulfill his restitution obligation.

Respectfully submitted this 8th day of December, 2011.

/s/ Richard S. Glaser, Jr.
Richard S. Glaser, Jr.
West Virginia State Bar No. 1390
James C. Lesnett, Jr.
West Virginia State Bar No. 9811
PARKER POE ADAMS & BERNSTEIN LLP
Three Wachovia Center
401 South Tryon Street
Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 335-9744
rickglaser@parkerpoe.com
jamielesnett@parkerpoe.com

Michael W. Carey
West Virginia State Bar No. 635
CAREY, SCOTT, DOUGLAS &
KESSLER, PLLC
901 Chase Tower
707 Virginia Street, East
P.O. Box 913
Charleston, West Virginia 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2011, I electronically filed the foregoing Defendant's Sentencing Memorandum and Request for Variance with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record who are registered on the CM/ECF system.

/s/ Richard S. Glaser, Jr.
Richard S. Glaser, Jr.
