```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                              **CRIMINAL NO. 2:10-00160**

**JONATHAN STEVEN DEUTSCH**


### GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America by Assistant United States Attorney, Thomas C. Ryan, and files this Sentencing Memorandum.

### I. DEFENDANT'S OBJECTIONS

Defendant has two objections to the Presentence Investigation Report ("PSR"), both of which should be denied.

#### A. Obstruction of Justice

First, Defendant objects to a two-point enhancement under United States Sentencing Guideline ("USSG") § 3C1.1. Particularly, as set forth in Paragraphs 28 through 43, Defendant created five false meeting minutes beginning in June 2007 (the "Deutsch Minutes") and obtained the signatures of several unwitting former board members of the West Virginia Heavy Highway Construction Industry Fund ("WVHH") in an attempt to conceal his scheme to defraud the WVHH and SunTrust Bank. The government intends to introduce documents and the testimony of United States Department

of Labor ("DOL") Joe Harrilla substantiating the facts set forth in the PSR, which support the enhancement.[1]

Defendant objects because he claims that the government cannot show that he was aware of the DOL investigation when he created the Deutsch Minutes. See United States v. Thorson, 633 F.3d 312. 320-21 (4th Cir. 2011). The government will present documents showing that the WVHH Board put Defendant on notice of the federal investigation on May 24, 2007 – just before he began soliciting signatures on the Deutsch Minutes. Further, the government will show that Defendant sent the Deutsch Minutes to the U.S. Attorney's Office in December 2007, unquestionably after the time he knew he was the subject of a federal investigation.

Regardless, pursuant to Application Note 1, the government need only show that Defendant's creation of the false records was "purposefully calculated, and likely, to thwart the investigation." As highlighted in the PSR, the nature and contents of the Deutsch Minutes show that Defendant had only one purpose: conceal his fraud, including the fraudulent line of credit.

**B. Restitution**

Second, Defendant claims he is entitled to an unspecified reduction in the amount of restitution owed to SunTrust Bank because the bank determined during a subsequent internal

---

[1] The government reserves the right to call other witnesses.

investigation that a loan officer had forged a document in the WVHH line of credit loan file, which was the subject of Count Thirty in the Second Superseding Indictment. This argument belies the nature of the offense – false statement on a loan application. The crime was complete when he "failed to advise the Bank that he did not have authority to borrow funds in the name of WVHH." See PSR, ¶ 14. SunTrust Bank would have never made the loan had Defendant not falsely represented that he had the requisite authority to borrow money in the name of the WVHH. Defendant has pled guilty to a violation of 18 U.S.C. § 1014, which mandates restitution to the victim bank pursuant to 18 U.S.C. § 3663A.[2] Defendant is not entitled to any reduction and, accordingly, his objection should be denied.

## II. 3553(a) FACTORS

Relying upon the factors set forth in 18 U.S.C. § 3553(a), the United States asserts that the Court should sentence Defendant to a term of imprisonment within the advisory guideline range of 15 to 21 months.

**A.    Nature and Circumstances**: This offense clarifies the importance of protecting the integrity of the lending process. SunTrust Bank, like all lending institutions, needs to be able to

---

[2]    If SunTrust Bank's subsequent conduct is at all relevant to the restitution issue, it is equally relevant that Defendant did not take the opportunity to rectify his fraud. Rather, he reaffirmed the bank's mistaken belief that he had authority to borrow money in the name of WVHH.

rely upon material representations – as well as "omissions" – made by its borrowers, including – perhaps most importantly – the borrower's authority to obtain the loan. In this case, Defendant betrayed the trust of the bank as well as his organization. This type of crime undermines the integrity of the lending process.

**B. History and Characteristics:** Defendant engaged in a decade-long fraud and was willing to go to extraordinary lengths to hide the truth. While CLC members were working hard building roads and bridges across West Virginia, Defendant pilfered the till for his own benefit. The members trusted him and he stole the organization's money. Further, Defendant used the clout of the CLC and WVHH to gain the trust of the SunTrust Bank officials. He then betrayed the trust of all involved and saddled the WVHH with a $120,000 debt without even discussing the loan with any of the board members. Defendant knew he lacked the authority, but proceeded anyway.

**C. Deterrent:** More disturbing, however, Defendant attempted to conceal his fraud and the fraudulent SunTrust loan by falsifying records and involving unwitting former board members – many of whom had not been involved with the CLC or WVHH for years – by asking them to ratify his fraudulent conduct. As Agent Harrilla will testify at sentencing, DOL had to engage in a follow up investigation that lasted several months to determine that the Deutsch Minutes were in fact false. The investigation involved the

time, travel and effort of at least two DOL agents as well as the time of the former board members. Obstructive conduct like that of this Defendant cannot be tolerated. A sentence within the advisory guideline range will serve as a deterrent to other white-collar criminals who attempt to obstruct justice by creating false documents as a purported defense.

  **D.**  **Just Punishment:** Finally, a sentence within the advisory guideline range will serve as just punishment. As set forth in the PSR, Defendant got away with his fraudulent conduct for almost ten years. He deserves a significant term of imprisonment to reflect the scope and length of his fraud.

### III. CONCLUSION

  Based on the foregoing, the Court should deny Defendant's objections and impose a sentence for a term of imprisonment within the advisory guideline range of 15 to 21 months.

          Respectfully submitted,

          R. BOOTH GOODWIN II
          United States Attorney

    By:

         /s/ *Thomas C. Ryan*
         Assistant United States Attorney
         WV Bar No. 9883
         300 Virginia Street, East
         Room 4000
         Charleston, WV 25301
         Telephone: 304-345-2200
         Fax: 304-347-5104
         Email: thomas.ryan@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing GOVERNMENT's SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing today, December 30, 2011 to:

>Richard S. Glaser, Jr.
>rickglaser@parkerpoe.com
>
>James C. Lesnett, Jr.
>jamielesnett@parkerpoe.com
>
>Three Wells Fargo Center
>401 South Tryon Street
>Suite 3000
>Charlotte, NC 28202

>/s/ *Thomas C. Ryan*
>Assistant United States Attorney
>WV Bar No. 9883
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: thomas.ryan@usdoj.gov