IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:10-00160

**JONATHAN STEVEN DEUTSCH**

### RESPONSE TO COURT ORDER TO PRODUCE LOAN DOCUMENTS RELATED TO COUNT THIRTY OF THE SECOND SUPERSEDING INDICTMENT

Comes now the United States of America by Assistant United States Attorney, Thomas C. Ryan, and files this response to the Court's Order directing that the government provide a copy of the loan application and any supporting documentation submitted in support of the loan application. The enclosed documents and accompanying memorandum of law show that a sufficient legal and factual basis exists to accept Defendant's guilty plea.

The United States transmits the following exhibits relevant to the factual basis for Count Thirty of the Second Superseding Indictment:[1]

    A.    A copy of what the government understands to be the SunTrust Bank file for the $120,000 line of credit extended to the West Virginia Heavy & Highway

---

[1] The United States is transmitting an unredacted hard copy of the referenced exhibits.

1

        Construction Industry Fund ("H/H Trust"), numbered GOV-STB3-0007-0352.

B.    A memorandum of interview with a former SunTrust president and corporate security officer, numbered MOI-0154-0155.

C.    False meeting minutes purportedly from an October 1998 meeting of the H/H Trust provided to the government by Defendant after he was aware of the federal investigation, numbered DEF-RG4-0003-0004.

D.    Accountant Steven Haney's work papers for the preparation of the CLC and H/H Trust 2004 tax returns, numbered GJ-JSH-0425-0468.

E.    Accountant Steven Haney's work papers for the preparation of the CLC and H/H Trust 2005 tax returns, numbered GJ-JSH-0469-0515.

F.    Accountant Steven Haney's work papers for the preparation of the CLC and H/H Trust 2006 tax returns, numbered GJ-JSH-0516-0570.

The United States directs the Court specifically to the following documents relevant to the factual basis for Defendant's plea to a § 1014 violation:

i.    GOV-STB3-0144-45 is the initial loan application dated August 17, 2004 signed by Defendant purporting to have authority to do so on behalf of the H/H Trust.

ii.    GOV-STB3-0021-0027 is a security agreement dated August 17, 2004 signed by Defendant pledging all the H/H Trust's assets as collateral in exchange for the loan.

iii.    GOV-STB3-0028 is a corporate resolution dated August 19, 2004 purportedly created by the original SunTrust loan officer. See MOI-0154-0155.

      iv.    GOV-STB3-0148 is a corporate resolution dated May 15, 2001 previously provided by Defendant.[2] The resolution states that the H/H Trust Board authorized Defendant to borrow money on behalf of the organization on his signature alone because the resolution is purportedly countersigned by another H/H Trust officer, his wife. Defendant's wife was never an officer of the H/H Trust.[3] Further, there are no meeting minutes indicating that the H/H Trust Board either elected her as an officer or passed the resolution.[4]

      v.    GJ-JSH-0446 is a contemporaneous note made by Haney while preparing the H/H Trust 2004 tax return memorializing Defendant's misrepresentation that the H/H Trust only had $7,500 in outstanding liabilities.

      vi.    GOV-STB3-0151-0156 is the October 2005 annual renewal of the loan, signed by Defendant on behalf of the H/H Trust, which provides, in relevant part, that "[t]he execution, delivery, or performance of this Note and the consummation of the transaction contemplated will not, with or without the giving of notice or the lapse of time . . . (b) violate Borrower's charters or bylaws, as applicable."

---

[2] Defendant has not denied the authenticity of the 2001 resolution.

[3] According to the 2001 corporate resolution, Defendant's wife's countersignature as a second officer of the H/H Trust purportedly gave Defendant authority to borrow money on behalf of the organization.

[4] After Defendant was aware of the federal investigation, he produced four sets of purported meeting minutes, which are demonstrably false and were created to obstruct justice. See Presentence Report, ¶¶ 28-37. One set of the false meeting minutes, dated October 1, 1998, purport to "direct the [Defendant] to acquire a commercial line of credit for the Heavy/Highway Fund." See Ex. C, DEF-RG4-0003. If the minutes were indeed accurate, then Defendant's statement in his *ex parte* letter that he would have easily obtained board approval is false because, on its face, he would have already been granted such authority.

    vii.    GJ-JSH-0506 is a contemporaneous note made by Haney while preparing the H/H Trust 2005 tax return memorializing a conversation he had with Defendant in which Defendant admitted misrepresenting the nature of the line of credit during preparations of the 2004 tax return and further misrepresented to Haney that the line of credit was in his name personally.

    viii.    GOV-STB3-0172-0177 is the November 2006 annual renewal of the loan, signed by Defendant on behalf of the H/H Trust, which provides, among other things, that "[t]he execution, delivery, or performance of this Note and the consummation of the transaction contemplated will not, with or without the giving of notice or the lapse of time . . . (b) violate Borrower's charters or bylaws, as applicable."

    ix.    GJ-JSH-0556 is a contemporaneous note made by Haney while preparing the H/H Trust 2006 tax return memorializing Defendant's misrepresentation on February 20, 2007 that the SunTrust line of credit had been paid in full.

    x.    GJ-JSH-0563 is a contemporaneous note made by Haney memorializing a May 19, 2007 conversation when Defendant directed him to amend the H/H Trust 2006 tax return reflecting the true nature of the $117,000 line of credit balance and further stating for the first time that the line of credit was obtained in the name of the H/H Trust.

    xi.    GOV-STB3-0336 is letter dated May 16, 2007 from the H/H Trustees advising SunTrust that Defendant had no further authority to act on its behalf and the letter enclosed a copy of the H/H Trust documents.

    xii.    MOI-0154-0155 provides that SunTrust wrote off the entire outstanding balance of the loan.

As set forth in the accompanying memorandum of law, the record in this case demonstrates that there is a factual and legal basis for the guilty plea to Count Thirty of the Second Superseding Indictment entered by Defendant on May 12, 2011.

                                                  Respectfully submitted,

                                                  R. BOOTH GOODWIN II
                                                  United States Attorney

By:
                                                  *s/Thomas C. Ryan*
                                                  THOMAS C. RYAN
                                                  Assistant United States Attorney
                                                  WV State Bar No. 9883
                                                  300 Virginia Street, East
                                                  Room 4000
                                                  Charleston, WV 25301
                                                  Telephone: 304-345-2200
                                                  Fax:  304-347-5104
                                                  Email:  thomas.ryan@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the "RESPONSE TO COURT ORDER TO PRODUCE LOAN DOCUMENTS RELATED TO COUNT THIRTY OF THE SECOND SUPERSEDING INDICTMENT" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing today, March 13, 2012 to:

>Richard S. Glaser, Jr.
>rickglaser@parkerpoe.com
>
>James C. Lesnett, Jr.
>jamielesnett@parkerpoe.com
>
>Michael W. Carey
>mwcarey@csdlawfirm.com
>
>Rodney A. Smith
>rsmith@baileyglasser.com

>/s/ *Thomas C. Ryan*
>Assistant United States Attorney
>WV Bar No. 9883
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: thomas.ryan@usdoj.gov