IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:10-cr-00160

JONATHAN STEVEN DEUTSCH,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court are three motions to withdraw as counsel by Michael W. Carey [Docket 117], Richard S. Glaser Jr. and James Lesnett Jr. [Docket 118], and Rodney A. Smith [Docket 120]. For the reasons set forth below, these motions are **DENIED**.

*I. BACKGROUND*

Defendant was scheduled to be sentenced on March 5, 2012. On March 1, 2012, the Court notified the Government and Defense counsel of an *ex parte* letter the Court had received from Defendant. The letter challenged both the legal and factual bases for the guilty plea that Defendant entered on May 12, 2011. After the letter was docketed, Defense counsel moved to withdraw. Instead of having the sentencing on March 5, 2012, the Court converted the hearing into a status conference. The Court heard from Defense counsel regarding their motions to withdraw en camera. The Court then reconvened in open court, took the motions to withdraw under advisement, and addressed the letter to the Court from Defendant. Subsequently, on March 9, 2012, the Court ordered the Government to file a copy of the loan application and any supporting documentation.

The Government filed the loan on March 13, 2012, (Docket 125), and also filed a memorandum in support, (Docket 126). Defendant filed a "preliminary response" to the Government's memorandum on March 19, 2012, requesting to preserve the right to object to the Government's memorandum, but indicating that Defense counsel could not properly respond at that point in time because of the pending motions to withdraw.

## II.  LEGAL AND FACTUAL BASES

The Court deferred finding a factual basis at the time of the plea hearing.  Defendant plead guilty to Count 32 of a second superseding indictment, which charged him with making a false statement to a financial institution in violation of 18 U.S.C. § 1014.  Section 1014 provides in pertinent part:

> Whoever knowingly makes any false statement or report . . . for the purpose of influencing in any way the action of . . . any institution the accounts of which are insured by . . . the Federal Deposit Insurance Corporation, . . . upon any application . . . or loan [shall be guilty of a crime against the United States].

Defendant's letter partly deals with whether an omission can serve as a false statement to support a conviction under § 1014.  The Stipulation of Facts attached to the plea agreement states: "As part of the loan application process and for the purpose of ensuring that the Bank would approve the loan, [Defendant] failed to advise the Bank that he did not have authority to borrow funds in the name of WVHH." Defendant questions whether this "failure to advise" qualifies as a making a false statement under § 1014.

In defining the elements of a § 1014 offense at the plea hearing, the Court cited *United States v. Sturman*, No. 96 CR. 318(BSJ), 1998 WL 524906 (S.D. N.Y Aug. 20, 1998), a case that provides a useful list of cases that have held that an omission can qualify as a false statement. The Supreme Court in *United States v. Wells*, stated in dicta that deliberately omitting required information may

properly be characterized as making a false statement. 519 U.S. 482, 485 (1997) (recognizing that concealing the nature of a company's contractual obligations from several banks can constitute knowingly making a false statement to a federally insured bank).[1] The Circuit Court had previously held that withholding information can support a conviction under § 1014. *United States v. Wells*, 63 F.3d 745 (8th Cir. 1995), *vacated on other grounds*. The Fifth Circuit has also held that "a false statement or report for purposes of § 1014 can include the failure to disclose material information needed to avoid deception in connection with a loan transaction." *United States v. Trice*, 823 F.2d 80, 86 (5th Cir. 1987).[2] Similarly, the Tenth Circuit has stated that evidence of an overt lie is not necessary to convict under § 1014; a false statement may "consist of words, made orally or in writing, or other conduct manifesting to another the existence of a material present or past fact." *United States v. Copus*, 110 F.3d 1529, 1535 (10th Cir. 1997). Accordingly, the Court finds that an omission can be a false statement under § 1014. Thus, there is a legal basis for Defendant's guilty plea.

In the instant matter, Defendant did not have the authority to apply for the loan. The Stipulation of Facts, signed by Defendant and used as the factual basis at the plea hearing, states: "As [Defendant] then knew, he had not obtained approval of at least two of the WVHH trustees, as required by . . . the WVHH Trust Agreement, to incur debt on behalf of WVHH . . . . [Defendant] failed to advise the Bank that he did not have authority to borrow funds in the name of WVHH." At the plea hearing, Defendant was asked by his attorney, "And you knowingly omitted getting the

---

[1] *Wells* held that materiality is not an element of a § 1014 offense. *Wells*, 519 U.S. at 498.

[2] In a more recent case, the court held that "an intentional omission of material fact can constitute a false statement if made for the purpose of influencing a federally-insured bank's lending activities." *United States v. Matthews*, 31 F. App'x 838, *12 (5th Cir. 2002).

two signatures and telling the bank that you had gotten those two signatures?" (Docket 123 at 37.) Defendant replied, "That is correct, I did." (*Id.*) The Court is persuaded that a simple omission, at least in circumstances such as this one where the omission obviously influenced the bank to make the loan, is sufficient to qualify as a false statement under § 1014. Therefore, there is a sufficient factual basis to proceed with Defendant's guilty plea.[3]

### III. MOTIONS TO WITHDRAW

As the Court is prepared to proceed with Defendant's sentencing, the issues that may have warranted the dismissal of Defendant's counsel in this case no longer pose a problem. "Whether a request for substitution of counsel should be granted is within the district court's discretion." *United States v. Thomas*, 392 F. App'x 210, 213 (4th Cir. 2010) (citations omitted). While the issues Defense counsel disclosed to the Court may make proceeding in this case somewhat uncomfortable, it is still possible for them to do so. Since receiving the last *ex parte* letter from Defendant, the Court has warned him that any communication from him, while he is still represented by an attorney, will not be read and will be discarded. Defendant wishes to keep his counsel and is still communicating with them in this matter. The Court can navigate any conflicts that arise between Defense counsel's professional advice and Defendant's insistence on a different course. Because

---

[3] Further, in reviewing the documents submitted by the Government, the Court found that Defendant made a misrepresentation in the loan application. The application includes a representation that states:
> The execution, delivery and performance of this Note and the consummation of the transaction contemplated will not, with or without the giving of notice or the lapse of time . . . violate Borrower's charter or bylaws, as applicable. No consent, approval, license, permit or other authorization of any third-party or any governmental body or office is required for the valid and lawful execution and delivery of this note.

(Docket 125-1 at 3.) As discussed above, Defendant obviously violated the bylaws when he did not obtain the approval of at least two other trustees.

Mr. Smith has been brought in for the limited representation of Defendant concerning the restitution issues, the other conflict of interest issues that could have arisen if the case had proceeded to trial are no longer problematic. Accordingly, the Court **DENIES** the motions to withdraw [Dockets 117, 118, & 120]. The Court reschedules the sentencing hearing in this case for **June 28 2012, at 11:00 a.m.** Further, the Court asks probation to reassess acceptance of responsibility in light of Defendant's letter.

    **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

    ENTER:    May 8, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE